**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AQUAVIT HOLDINGS, LLC,<br>Plaintiff,<br>v.<br>HUONS BIOPHARMA CO., LTD.,<br>Defendant. | Civil Action No:<br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO SEAL COMPLAINT AND EXHIBIT A TO COMPLAINT**

Plaintiff Aquavit Holdings, LLC ("Plaintiff") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, for entry of an order placing under seal the Complaint and Exhibit A to Plaintiff's Complaint. Plaintiff respectfully submits that good cause exists to seal these materials to protect its interests against public dissemination of the confidential information contained therein under *In Re Avandia Marketing., Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). In support thereof, Plaintiff states as follows:

"Although there is a 'presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive,' the right is 'not absolute . . . .'" *Kaleo, Inc. v. Adamis Pharms. Corp.*, 19-cv-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) (internal citation omitted). "The movant overcomes the presumption of access if it shows 'that the interest in secrecy outweighs the presumption.' The material needs to be 'the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* Factors that may be considered in assessing whether good cause exists include: (1) whether disclosure would violate any privacy interests or (2) cause embarrassment to a

party; (3) whether the materials sought to be protected pertain to matters of public health or safety; (4) whether disclosure of information would promote fairness and efficiency; (5) whether the party benefiting from confidentiality is a public entity or official; and (6) whether the case involves issues of public importance. *In Re Avandia Marketing*, 924 F.3d at 671.

Here, there is good cause to seal the Complaint and Exhibit A under *In re Avandia Marketing*, because the Complaint and Exhibit A contain confidential and commercially sensitive business information, the disclosure of which would unduly harm the privacy and competitive interests of Plaintiff. In particular, the Complaint concerns a dispute arising in the context of Plaintiff's efforts to secure regulatory approvals to market and sell Defendant Huons BioPharma Co., Ltd.'s ("Defendant") Botulinum toxin Type A drug products ("Product(s)") pursuant to the parties' April 12, 2021 License and Supply agreement ("LSA").

Public access to the terms of the LSA and the parties' discussions concerning the same are not necessary to advance any public health or safety interest, nor does this litigation involve issues of broad public concern. Rather, the Complaint and Exhibit A contain proprietary business details, such as internal financial data, contractual arrangements, and strategic information, that are unrelated to the issues of public concern presented in the case. Disclosure of such information would not promote fairness or efficiency; instead, it would risk subjecting Plaintiff to harm and embarrassment over materials being used not to inform the public, but as part of a commercial dispute. Plaintiff is a private party, not a public entity or official, and the Complaint and Exhibit A do not implicate governmental misconduct or matters of public policy. Courts routinely protect similar interests by sealing or redacting records where, as here, the information is not being sought for any legitimate public purpose and could expose a party to unnecessary reputational or competitive harm. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial

information" as one category of information that can be protected by court order); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999) (protecting "sales and marketing plans, financial forecasts, margin, pricing, cost and customer information" from disclosure). Further, the LSA provides that its terms are confidential and disclosure of such terms would result in a breach of the LSA. Defendant has recently recognized the proprietary and confidential nature of the terms of the LSA and the parties' discussions concerning the same and further urged that the disclosure of its terms could cause it harm and embarrassment. *See* D.I. 7, *Huons BioPharma Co., Ltd. v. Aquavit Holdings, LLC*, 25-cv-636-RGA, (D. Del. 2025).

For all the reasons set forth above, Plaintiff respectfully requests entry of the attached order placing the Complaint and Exhibit A thereto under seal.

Dated: June 17, 2025

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Aquavit Holdings, LLC*

Of Counsel:

Michael S. DeVincenzo
Charles Wizenfeld
King & Wood Mallesons LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com